IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMITH CLIFFORD, <br><br> Plaintiff, <br><br> vs. <br><br> JERRY BROWN, et al., <br><br> Defendants. | Case No. 1:12-cv-00238 JLT (PC) <br><br> ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS <br><br> (Doc. 2) <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND <br><br> (Doc. 1) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and his complaint filed February 21, 2012.

**I.   Motion to proceed in forma pauperis**

Plaintiff has made the showing required by § 1915(a) and accordingly, the request to proceed in forma pauperis will be granted. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments in the amount of twenty percent of the proceeding month's income credited to plaintiff's trust account. The California Department of Corrections is required to send to the Clerk of the Court payments from plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).  Therefore, Plaintiff's application to proceed in forma pauperis is **GRANTED**.

**II.     Screening Requirement**

Because Plaintiff is seeking redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**III.    Pleading Standards**

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id*.

Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court should set conclusory factual allegations aside, accept all non-conclusory factual allegations as true, and determine whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." *Id*. at 1950.

**IV.    Plaintiff's Factual Allegations**

Plaintiff alleges that he was housed at Kern Valley State Prison at some point in the past. (Doc. 1 at 4) While there, he was exposed to and contracted, Valley Fever. Id. 6.  As a result of contracting Valley Fever, Plaintiff alleges that he suffers a number of physical ailments. Id. at 4. He claims that each of the defendants owed him a duty not to house him in the "endemic area" such to expose him to the Valley Fever virus. Id. at 4-6.  Plaintiff claims that this is a violation of the Eighth Amendment and seeks $1.7 million in damages. Id. 5, 7.

**V.    Discussion**

**A.    42 U.S.C. § 1983 Claims**

Title  42, § 1983 of the United States Code provides a cause of action against

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . .

42 U.S.C. § 1983.  "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).  It does not provide any substantive rights, but rather "authorizes a cause of action based on the deprivation of civil rights guaranteed by other Acts of Congress." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979).

A plaintiff stating a claim under § 1983 must allege facts showing he was deprived of a federal right by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Daniels v. Williams,* 474 U.S. 327, 330-31 (1986); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  For a defendant to be liable under § 1983, a plaintiff must prove there is an affirmative link between the alleged deprivation and the resulting injury. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  An affirmative link exists when a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### 1. Failure to link Defendants to any alleged constitutional violation

Title 42, § 1983 of the United States Code requires that there be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation. *See Monell v. Dep't of Soc. Services*, 436 U.S. 658, 691-92 (1978); *Rizzo*, 423 U.S. at 370-71; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980). In order to state a § 1983 claim, a plaintiff must allege facts showing each named defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[] in motion a series of acts by others which the actor [knew] or reasonably should [have known] would cause others to inflict the constitutional injury." *Johnson*, 588 F. 2d at 743-44. The complaint must specifically allege how each named defendant is liable for the claimed deprivation.

However, Plaintiff fails to describe any wrongful action taken by any of the named Defendants. (Doc. 1 at 4-5) Indeed, he seems to assert only that because they hold positions in authority in the state government or with CDCR, this is sufficient to impose liability; it is not. Thus, Plaintiff has failed to state a cognizable claim against any of the Defendants.

### B. Eighth Amendment claim

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials therefore have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

In order to establish a violation of this duty, a prisoner must show that he was subjected to an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). A prisoner must also show that prison officials acted with sufficiently culpable states of mind in failing to satisfy their duties. Farmer, 511 U.S. at 834. Prison officials must have acted with deliberate indifference. Id. A prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Mere negligence on the part

of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been deliberate. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Here, Plaintiff claims that Defendants failed to prevent him from being housed at Pleasant Valley State Prison, thereby exposing him to the spores that cause Valley Fever. Courts have found such claims to be insufficient to establish an Eighth Amendment violation. See e.g., King v. Avenal State Prison, 1:07-cv-01283-AWI-GSA (PC), 2009 U.S. Dist. LEXIS 20182 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."); see also Tholmer v. Yates, 2009 U.S. Dist. LEXIS 8204, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009)("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to come forward with evidence that Yates is responsible for the conditions of which Plaintiff complaints.") Defendants cannot, therefore, be held liable for housing Plaintiff in an area where there is a potential to be exposed to Valley Fever spores.

Furthermore, even if exposure to Valley Fever was sufficient to establish an objectively serious deprivation within the meaning of the Eighth Amendment, Plaintiff has alleged no facts demonstrating that any of the defendants acted with deliberate indifference. Though the Court assumes as true that all of the CDCR-employed Defendants knew that KVSP was within the Valley Fever endemic area, as noted above, this alone is insufficient to demonstrate they knowingly disregarded a substantial risk to Plaintiff's health. Likewise, Plaintiff's conclusory statement that each of the Defendants had a duty to house him at a prison where he would not be exposed to Valley Fever, comes no where close to establishing that they were deliberately indifferent to his medical condition. Accordingly, for all these reasons, the Court concludes that Plaintiff fails to state a cognizable Eighth Amendment claim due to his exposure to Valley Fever.

**VI.    Leave to amend.**

Though the Court has grave doubts about Plaintiff's ability to cure the defects noted herein, it will afford Plaintiff the opportunity to file an amended complaint. See Noll v. Carlson, 809 F.2d

1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is clear that the deficiencies could not be cured by amendment). If Plaintiff elects to file an amended complaint, he is advised that he may not change the nature of this suit by adding new, unrelated claims to his third amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is advised also that once he files an amended complaint, his previous pleading is superceded and no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. All causes of action alleged in the complaint that are not re-alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## VII. CONCLUSION

In accordance with the above, it is **HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis is **GRANTED;**
2. Plaintiff's complaint is **DISMISSED**;
3. Plaintiff is granted 30 days leave to file his amended complaint:
4. Plaintiff is warned that failure to comply with this order may result a dismissal of this action.

IT IS SO ORDERED.

Dated:  **February 29, 2012**                       /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE