IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD SMITH<br><br>Plaintiff,<br><br>vs.<br><br>JERRY BROWN, et al.,<br><br>Defendants. | Case No. 1:12-cv-0238-AWI-JLT (PC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 12).<br><br>**ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>(Doc. 11). |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 30, 2012, this Court issued an Order to Show Cause to Plaintiff because the Court had not yet received his First Amended Complaint. (Doc. 12). Later that day, but after the Order had been sent for processing, the Court received Plaintiff's first amended complaint, though Plaintiff has titled it as a "Third Amended Complaint."[1] (Doc. 11). The Court will therefore discharge the Order to Show Cause issued on April 30, 2012 (Doc. 12) and proceed to screen Plaintiff's amended complaint filed April 30, 2012. (Doc. 11).

---

[1] Because the amended complaint has been docketed as the "Third Amended Complaint," the Court will refer to the amended complaint as the third amended complaint ("TAC).

1

## I.  Screening Requirement

Because Plaintiff is seeking redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  Pleading Standards

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id.

Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court should set conclusory factual allegations aside, accept all non-conclusory factual allegations as true, and determine whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (internal quotation marks and citation omitted). In determining plausibility, the Court

is permitted "to draw on its judicial experience and common sense." Id. at 1950.

///

### III. 42 U.S.C. § 1983 Claims

Title 42, § 1983 of the United States Code provides a cause of action against

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . .

42 U.S.C. § 1983. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978)). It does not provide any substantive rights, but rather "authorizes a cause of action based on the deprivation of civil rights guaranteed by other Acts of Congress." Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979).

A plaintiff stating a claim under § 1983 must allege facts showing he was deprived of a federal right by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). For a defendant to be liable under § 1983, a plaintiff must prove there is an affirmative link between the alleged deprivation and the resulting injury. *See* Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). An affirmative link exists when a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Under § 1983, Plaintiff is required to show that (1) each defendant acted color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Humphrey v. Yates, 2009 U.S. Dist. LEXIS 100252, 8-9 (E.D. Cal. Oct. 27, 2009) (citing Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

### IV. Plaintiff's Factual Allegations and Contentions

Before October 9, 2009, Plaintiff was housed at the Sierra Conservation Center in

3

Jamestown, California. (Doc. 11 at 3). On October 9, 2009, Plaintiff was transferred to Pleasant Valley State Prison ("PVSP") in Coalinga, California. (Id.) Sometime after his transfer, Plaintiff was diagnosed with Valley Fever. (Id. at 5). As a result, Plaintiff suffered physical injuries and endured pain and suffering. (Id.) Plaintiff filed a grievance concerning all of the facts listed in the TAC which was "partially granted" at the "formal level" on July 21, 2011. (Id. at 2). Although the grievance was listed a "partially granted," Plaintiff believed the response satisfied the issues he addressed in his grievance and deemed his request granted. (Id.)

Plaintiff faults Warden Felix Chavez (Sierra Conservation Center), Warden James Yates (PVSP) and "Does I-XXX" for transferring him to PSVP and thereby exposing him into an "outbreak of illness." (Doc. 11 at 3). Plaintiff generically references Does I-XXX as Health Care Managers, Chief Medical Officers, Directors of Nursing, Classification and Parole Representatives, receiving and Release, Registered Nurse, Health Care, Placement Unit heads, Classification Services Unit Heads, Correctional Counselor III's and Classification Staff Representatives at both facilities.

Plaintiff contends that "black inmates in general are highly susceptible to Valley Fever." (Id. at 4). He also claims that each of the defendants was aware that Plaintiff was being sent to a "hyperendemic" area institution, but refused to warn him of such a risk. (Id.) Plaintiff alleges that Defendants failed to follow directions set forth in a November 20, 2007 Memorandum regarding "Exclusion of Inmate-Patients Susceptible to Coccidioidomycosis from Highest Risk Area Institutions" that would have prevent him from acquiring Valley Fever. (Doc. 11 at 4). Plaintiff claims Defendants' actions and failures to act violated the Eighth Amendment. (Id. at 5.)

**V.      Plaintiff's Eighth Amendment Claim for Exposure to Valley Fever**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). Prison officials therefore have a "duty to

1  ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care,
2  and personal safety." <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

3        A prison official is liable under the Eighth Amendment only if he "knows of and
4  disregards an excessive risk to inmate health and safety; the official must both be aware of facts
5  from which the inference could be drawn that a substantial risk of serious harm exists, and he
6  must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837; 114 S. Ct. 1970, 128 L.
7  Ed. 2d 811 (1994). Mere negligence on the part of the prison official is not sufficient to establish
8  liability, but rather, the official's conduct must have been deliberate. <u>Farmer</u>, 511 U.S. at 835;
9  <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

10        Here, Plaintiff's "general allegations about the dangerous conditions at PVSP and the
11  failure to warn Plaintiff of those conditions, or risks, are not sufficient to support an Eighth
12  Amendment claim." <u>James v. Yates</u>, 2010 U.S. Dist. LEXIS 67618 (E.D. Cal. June 15, 2010);
13  also quoted in <u>Willis v. Yates</u>, 2009 U.S. Dist. LEXIS 98902, 7-8 (E.D. Cal. Oct. 22, 2009)).
14  Although Plaintiff alleges Defendants knew of the possible exposure to valley fever at PVSP,
15  Plaintiff's arrival at PVSP and Plaintiff's subsequent contraction of valley fever "is not enough to
16  indicate that Defendants knew *Plaintiff* would contract valley fever." <u>Humphrey v. Yates</u>, 2009
17  U.S. Dist. LEXIS 100252, 10-11 (E.D. Cal. Oct. 27, 2009). "Even assuming Plaintiff is more
18  susceptible to contracting Valley Fever, exposure in this instance is not sufficient by itself to
19  establish a deliberate indifference claim." <u>Clark v. Igbinosa</u>, 2011 U.S. Dist. LEXIS 34388, 5-6
20  (E.D. Cal. Mar. 18, 2011)

21        This Court previously informed Plaintiff that Courts have found that claims like Plaintiff's
22  which allege Eighth Amendment violations for contracting Valley Fever are insufficient to
23  establish an Eighth Amendment violation. *See e.g*., <u>King v. Avenal State Prison</u>, 1:07-cv-01283-
24  AWI-GSA (PC), 2009 U.S. Dist. LEXIS 20182 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that
25  Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was
26  confined in a location where Valley Fever spores existed which caused him to contract Valley
27  Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an
28  excessive risk to inmate health."); *see also* <u>Tholmer v. Yates</u>, 2009 U.S. Dist. LEXIS 8204, 2009

WL 174162, *3 (E.D. Cal. Jan. 26, 2009) ("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to come forward with evidence that Yates is responsible for the conditions of which Plaintiff complaints.") Defendants cannot, therefore, be held liable for housing Plaintiff in an area where there is a potential to be exposed to Valley Fever spores.

Even if exposure to Valley Fever was sufficient to establish an objectively serious deprivation within the meaning of the Eighth Amendment, Plaintiff's vague and conclusory allegations fail to set forth a factual basis to link Defendants to the knowing disregard of a substantial risk of harm to Plaintiff's health. Plaintiff's TAC contains several legal conclusions, but alleges no facts to demonstrate that any of the defendants acted with deliberate indifference. Though the Court assumes as true that all of the CDCR-employed Defendants knew that PVSP was within the Valley Fever endemic area, as noted above, this alone is insufficient to demonstrate they knowingly disregarded a substantial risk to Plaintiff's health. Likewise, Plaintiff's conclusory statement that each of the Defendants had a duty to house him at a prison where he would not be exposed to Valley Fever does not establish Defendants were deliberately indifferent to his medical condition.

Notably, Plaintiff does not identify any medical condition that placed him at greater risk of contracting the disease. Instead, he refers only to the fact that he is African-American. Given its extensive experience in cases of this type, the Court is aware that the November 20, 2007 CDCR memorandum[2] to which Plaintiff refers, lists inmates with specific limited medical conditions who may not be housed in the endemic area. Those inmates include,

| | | |
|---|---|---|
| Criteria a. | All identified HIV infected inmate-patients | |
| Criteria b. | History of lymphoma | |
| Criteria c. | Status post solid organ transplant | |
| Criteria d. | Chronic immunosuppressive therapy ( e.g. severe rheumatoid arthritis) | |
| Criteria e. | Moderate to severe Chronic Obstructive Pulmonary Disease (COPD) requiring ongoing intermittent or continuous oxygen therapy | |
| Criteria f. | Inmate-patients with cancer on chemotherapy. | |

Moreover, according to Plaintiff's allegations, Defendants failed to follow guidelines set forth in

---

[2] The Court takes judicial notice of this memorandum according to Fed. R. Evid. 201(b)(1).

the 2007 Memorandum that, if followed, would have prevented him from contracting Valley Fever. (Id. at 5). However, Plaintiff fails to state any facts to show how the guidelines were not followed or how they applied to him or why the failures to follow the guidelines would be sufficient to rise to the level of an Eighth Amendment violation.

Finally, though the Court is unaware of the specific content of Plaintiff's grievance described in his TAC (he indicates that it was related to his medical care) but the fact that prison officials granted Plaintiff's grievance seems to demonstrate that Defendants at PVSP were not deliberately indifferent to Plaintiff's needs.[3] Clark v. Igbinosa, 2011 U.S. Dist. LEXIS 34388, 5-6 (E.D. Cal. Mar. 18, 2011). For all these reasons, the Court concludes that Plaintiff fails to state a cognizable Eighth Amendment claim due to his exposure to Valley Fever.

**VI.   Leave to Amend.**

Though the Court continues to have grave doubts about Plaintiff's ability to cure the defects noted herein, it will afford Plaintiff **one final opportunity to file an amended complaint**. *See* Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is clear that the deficiencies could not be cured by amendment). If Plaintiff elects to file an amended complaint, he is advised that he may not change the nature of this suit by adding new, unrelated claims to his third amended complaint. *See* George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is advised also that once he files an amended complaint, his previous pleading is superceded and no longer serves any function in the case. *See* Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. All causes of action alleged in the complaint that are not re-alleged in the amended complaint are waived. *See* King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

///

---

[3] As to the decision to house Plaintiff at Pleasant Valley and related to his exposure to Valley Fever, Plaintiff alleged in his original complaint that he was prevented from receiving a resolution of his grievance due to malfeasance by prison officials. (Doc. 1 at 6)

### VII. Conclusion

In accordance with the above, it is HEREBY ORDERED that:

2. Plaintiff's complaint is DISMISSED;

3. Plaintiff is granted 30 days leave to file his Fourth Amended Complaint:

4. Plaintiff is warned that failure to comply with this order may result a dismissal of this action.


IT IS SO ORDERED.

Dated:   **May 2, 2012**                                **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE