IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFFORD SMITH

Plaintiff,

vs.

JERRY BROWN, et al.,

Defendants.

Case No. 1:12-cv-0238-AWI-JLT (PC)

**FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

(Doc. 14).

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On May 30, 2012, Plaintiff filed a document entitled "Fourth Amended Complaint." (Doc. 14).[1] For the reasons described below, this Court recommends Plaintiff's action be dismissed.

## I. Procedural History

Plaintiff filed this action on February 21, 2012 (Doc. 1). On February 29, 2012, the Court dismissed the complaint with leave to amend. (Doc. 4). On March 28, 2012, Plaintiff requested an additional 30 days to file an amended complaint. (Doc. 8). The Court granted Plaintiff's request. (Doc. 9). On April 30, 2012, this Court issued an Order to Show Cause to Plaintiff

[1] The caption of Plaintiff's pleading is titled "Fourth Amended Complaint;" however, a review of the docket demonstrates that the complaint is actually Plaintiff's second amended complaint. Because Plaintiff mistakenly labeled his prior complaint as the "Third Amended Complaint," the Court will refer to the current pleading as the Fourth Amended Complaint.

because the Court had not yet received his First Amended Complaint. (Doc. 12). Later that day, but after the Order had been sent for processing, the Court received Plaintiff's first amended complaint, though Plaintiff has titled it as a "Third Amended Complaint." (Doc. 11). The Court discharged the Order to Show Cause issued on April 30, 2012 (Doc. 12) and proceeded to screen Plaintiff's amended complaint filed April 30, 2012. (Doc. 11). The Court dismissed the "Third Amended Complaint" with leave to amend. (Doc. 13). Plaintiff timely filed his Fourth Amended Complaint. (Doc. 14).

## II. Screening Requirement

Because Plaintiff is seeking redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## III. Pleading Standards

### A. Rule 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id.

Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court should set conclusory factual allegations aside, accept all non-conclusory factual allegations as true, and determine whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 1950.

**B. Rule 18(a)**

Under the Federal Rules of Civil Procedure, "[a] party asserting a claim, counterclaim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The purpose of splitting such claims into different actions is to avoid the morass that a multiple claim, multiple defendant suit will cause and to ensure prisoners pay the required filing fees pursuant to the Prison Litigation Reform Act. (Id.)

**IV. 42 U.S.C. § 1983 Claims**

Title 42, § 1983 of the United States Code provides a cause of action against

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . .

42 U.S.C. § 1983.

"The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978)). It does not provide any substantive rights, but rather "authorizes a cause of action based on the deprivation of civil rights guaranteed by other Acts of Congress." Chapman

v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979).

A plaintiff stating a claim under § 1983 must allege facts showing he was deprived of a federal right by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). For a defendant to be liable under § 1983, a plaintiff must prove there is an affirmative link between the alleged deprivation and the resulting injury. *See* Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). An affirmative link exists when a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Under § 1983, Plaintiff is required to show that (1) each defendant acted color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Humphrey v. Yates, 2009 U.S. Dist. LEXIS 100252, 8-9 (E.D. Cal. Oct. 27, 2009) (citing Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

**V. Plaintiff's Factual Allegations and Contentions**

Before October 9, 2009, Plaintiff was housed at the Sierra Conservation Center in Jamestown, California. (Doc. 14 at 3). Plaintiff contends he had well-documented medical problems such as high blood pressure, asthma, kidney disease, and a recent stroke. (Id).

On October 9, 2009, Plaintiff was transferred to Pleasant Valley State Prison ("PVSP") in Coalinga, California. (Id.) Plaintiff contends that inmates with certain medical conditions were to be excluded from areas institutions at high risk for Valley Fever, like PVSP. (Id.) Plaintiff contends that his asthma qualified him for exclusion under clinical criteria E – Chronic Obstructive Pulmonary Disease. (Id.) Plaintiff contends that Defendants "neglected to review" the fact that he was susceptible to Valley Fever prior to transfer.

Sometime after his transfer, Plaintiff contracted Valley Fever. (Id. at 4). Plaintiff contends that while at PVSP he received inadequate medical care due to overcrowding. (Id.) Plaintiff further contends that the doctors and nurses at PVSP failed to tell him he was infected for 10 months and refused to treat him for Valley Fever. (Id.) As a result, Plaintiff states he was

hospitalized and nearly died. (Id.)

Plaintiff alleges he filed a grievance concerning all of the facts listed in the FAC which was "partially granted" at the "formal level" on July 21, 2011. (Id. at 2). Plaintiff names Warden James Yates (PVSP) and "Does I-IV" (medical staff, personal care doctors and personal care nurses at PVSP) as defendants. (Doc. 14 at 3). Plaintiff claims Defendants' actions and failures to act violated the Eighth Amendment. (Id. at 5.)

**VI. Discussion**

**A. Plaintiff's Eighth Amendment Claim for Exposure to Valley Fever**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). Prison officials therefore have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

A prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837; 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been deliberate. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Here, Plaintiff seems to claim that officials at PVSP "neglected to review" his medical records and recognize that he should not have been housed at PVSP. (Doc. 14 at 4). Given its extensive experience in cases of this type, the Court is aware of the clinical criteria to which

Plaintiff refers.[2] The criteria are as follows:

Criteria a. All identified HIV infected inmate-patients

Criteria b. History of lymphoma

Criteria c. Status post solid organ transplant

Criteria d. Chronic immunosuppressive therapy ( e.g. severe rheumatoid arthritis)

Criteria e. Moderate to severe Chronic Obstructive Pulmonary Disease (COPD) requiring ongoing intermittent or continuous oxygen therapy

Criteria f. Inmate-patients with cancer on chemotherapy.

Although Criteria E only relates to inmates with "moderate to severe COPD who require oxygen therapy," Plaintiff alleges that because asthma is a respiratory illness, he falls within Criteria E.[3] (Doc. 14 at 3). Such allegations are not sufficient to demonstrate "Defendants knew *Plaintiff* would contract valley fever." Humphrey v. Yates, 2009 U.S. Dist. LEXIS 100252, 10-11 (E.D. Cal. Oct. 27, 2009). "Even assuming Plaintiff is more susceptible to contracting Valley Fever, exposure in this instance is not sufficient by itself to establish a deliberate indifference claim." Clark v. Igbinosa, 2011 WL 1043686, 5-6 (E.D. Cal. Mar. 18, 2011). In Clark, the plaintiff—just as Plaintiff here—complained that he contracted Valley Fever after having been placed at PVSP. Id. at 2. However, because this was insufficient to demonstrate an Eighth Amendment violation, the Court dismissed the matter without leave to amend.

Moreover, in this case, this Court has informed Plaintiff previously that other courts have found also that claims like Plaintiff's which allege Eighth Amendment violations for contracting Valley Fever are insufficient to establish an Eighth Amendment violation. *See e.g.*, King v. Avenal State Prison, 1:07-cv-01283-AWI-GSA (PC), 2009 U.S. Dist. LEXIS 20182 (E.D. Cal.

[2] The Court takes judicial notice of the November 20, 2007 CDCR memorandum listing medical conditions of inmates who may not be housed in the endemic area according to Fed. R. Evid. 20(b)(1).

[3] Notably, however, Criteria E *does not* exclude all sufferers of COPD but only those who require intermittent or continuous oxygen therapy. Similarly, asthma is a separate and distinct disease from COPD though they share common symptoms. The Court has no information why the CDCR did not include asthma as a disease that is a basis for exclusion from the endemic area and Plaintiff fails to allege any facts to explain this. Presumably, people with asthma are not at greater risk. In any event, Criteria E did not place Defendants on notice that he was of any greater susceptibility than any other inmate.

Mar. 4, 2009).[4] Nevertheless, Plaintiff asserts that, "government immunity from prosecution in [Valley Fever] cases does not extend to matters where it knows someone is in danger and does nothing about it." The Court has no quarrel with the gist of this statement and, indeed, has indicated nearly the same thing above when it quoted the United States Supreme Court when it held that liability may be imposed only when the official "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. However, Plaintiff has alleged no facts that would support that any prison official acted with deliberate indifference when he was transferred to PVSP.

Indeed, even if exposure to Valley Fever was sufficient to establish an objectively serious deprivation within the meaning of the Eighth Amendment, Plaintiff's amended complaint alleges no facts to demonstrate that any of the defendants acted with deliberate indifference with regard to his initial placement at PVSP. Though the Court assumes as true that Plaintiff has asthma, that all of the CDCR-employed Defendants knew that PVSP was within the Valley Fever endemic area, and that they failed to determine Plaintiff fell within Criteria E, such factual assumptions are insufficient to demonstrate defendants knowingly disregarded a substantial risk to Plaintiff's health. For all these reasons, the Court concludes that Plaintiff fails to state a cognizable Eighth Amendment claim due to his exposure to Valley Fever.

**B. Plaintiff's Eighth Amendment Claim for Inadequate Medical Care**

Plaintiff's Fourth Amended Complaint contends that while at PVSP he received inadequate medical care due to overcrowding. (Id.) Plaintiff further contends that the doctors and nurses at PVSP failed to tell him he was infected for 10 months and refused to treat him for

[4] Though Plaintiff relies upon a case involving an inmate named Arjang Panah who filed a complaint related to his contracting Valley Fever and decided by a Judge Gary Feess, the Court has not been able to locate any such decision. The only decision that the Court could locate issued by Judge Feess in which Valley Fever is referenced, is Walker v. Sanders, 2009 WL 2448023 at *3 (C.D. Cal. Aug. 10, 2009) (9th Cir. 2010). In this habeas corpus case, the petitioner was afflicted by this condition and asserted that the Bureau of Prisons categorically denied inmates placement in an RRC. Id. at 4. Moreover, the Court cannot locate any opinion issued by any federal court on August 25, 2011, which mentions Valley Fever except Valencia v. Hedgepeth, 2011 WL 3794903 at *5, n. 4 (E.D. Cal. Aug. 25, 2011), which rejects that the petitioner had demonstrated that the fact that he had the disease was sufficient to justify the extension of equitable tolling in this habeas matter.

Valley Fever. (Id.) Plaintiff states he was hospitalized and nearly died as a result. (Id.) However, the allegations in Plaintiff's original complaint (Doc. 1) and his Third Amended Complaint (Doc.11) related to the decision to transfer him to PVSP and the decision by PVSP to accept him as a prisoner. Plaintiff made no allegations of medical neglect. In its May 3, 2012 order the Court advised Plaintiff that if he elected to file an amended complaint, "he may not change the nature of this suit by adding new, unrelated claims to his complaint." (Doc. 13 at 7 (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints)).

Plaintiff's Fourth Amended Complaint now raises two unrelated events: one for improperly housing him at PVSP where he was exposed to Valley Fever and one for medical neglect in the treatment of his Valley Fever. Since Plaintiff is not permitted to join unrelated claims in the same action, the Court recommends Plaintiff's claims against Does I-IV for medical neglect be dismissed without prejudice for violation of Rule 18(a).

However, even if such claims were related, Plaintiff has failed to plead sufficient facts to demonstrate deliberate indifference on the part of the PVSP medical staff. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (In the Ninth Circuit, the test for deliberate indifference consists of two parts:" plaintiff must show a serious medical need and that defendant's response to the need was deliberately indifferent.) A prison official is "deliberately indifferent" if he actually knows that a prisoner faces a substantial risk of serious harm and disregards that risk. Farmer, 511 U.S. at 837. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

Although Plaintiff can show a serious medical need, his generalized factual allegations that all his treating doctors and nurses failed to treat his Valley Fever prior to his hospitalization is not sufficient to establish that such persons knew of and disregarded a substantial risk of harm to Plaintiff. For example, Plaintiff alleges that for 10 months, medical professionals did not tell him he had Valley Fever but there is no indication when he contracted the disease or when the Doe Defendants became aware of this fact. Moreover, though Plaintiff asserts that the medical staff "clearly refused to treat Plaintiff for his sickness and illness due to Valley Fever" and that they were "motivated by evil motive and intent," he does not state any factual support for these

conclusions. Because the Court is required to disregard conclusions and considered only well-pleaded facts, it is apparent that Plaintiff has not stated a claim for inadequate medical care under the Eighth Amendment. Iqbal, 129 S. Ct. at 1949-52.

**C. Plaintiff's Eighth Amendment Claim for Inadequate Medical Care Due to Overcrowding.**

Plaintiff seems to allege that there is a problem with overcrowding at California prisons and that such overcrowding led to the medical neglect he suffered. (Doc. 14 at 4). As set forth in Part B above, Plaintiff did not allege this claim in his Third Amended Complaint and therefore cannot allege it now. (Doc. 13 at 7 (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints)).

Even if Plaintiff could properly allege this claim here, Plaintiff failed to plead facts to demonstrate that Defendant Yates was responsible for the conditions of which Plaintiff complains. See Tholmer v. Yates, 2009 U.S. Dist. LEXIS 8204, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009) ("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to come forward with evidence that Yates is responsible for the conditions of which Plaintiff complaints.") Defendant Yates cannot, therefore, be held liable for the any inadequate medical care Plaintiff allegedly suffered at PVSP.

**VII. Conclusion**

Based upon the record and the facts set forth in the amended complaint, it does not appear the deficiencies related to the claim that Plaintiff contracted Valley Fever can be cured by amendment. Moreover, the newly added claim that Plaintiff suffered medical inadequacies violates Fed. R. Civ. P. 18(a). Thus, the Court finds that granting Plaintiff further leave to amend would be futile. *See* Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (requiring leave to be granted to the extent deficiencies can be cured by amendment).

For the reasons set forth above, the Court HEREBY **RECOMMENDS** Plaintiff's Fourth Amended Complaint be **DISMISSED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the

Local Rules of Practice for the United States District Court, Eastern District of California. Within 21 days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 4, 2012**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE